IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-2603-JLK

ETHAN PACE,

      Plaintiff,

v.

BLANCA CARO,[1] individually and in her official capacity, and
CITY OF COLORADO SPRINGS, COLORADO,

      Defendants.

_____

ORDER DENYING CITY OF COLORADO SPRINGS'S MOTION TO DISMISS
_____

KANE, J.

Plaintiff Ethan Pace brought this civil rights action against a Colorado Springs police detective and the Colorado Springs police department after rape charges brought against him were dismissed based on a faulty DNA analysis. Mr. Pace claims Detective Caro culpably failed to mention critical exculpatory DNA evidence in her affidavit for his arrest, resulting his wrongful arrest, detention, and prosecution for a crime he did not commit. Defendant Caro has filed an Answer to the Complaint (Doc. 6), but the City moves to dismiss the claims against it (Doc. 7). After thoroughly considering the City's arguments under the applicable standard of review, I DENY the Motion and ORDER the

---

[1] I note Ms. Caro was originally identified as "Blanco Caro" in the Summons and Complaint filed by Plaintiff, but identified herself correctly as "Blanca" Caro in her Answer. Ms. Caro's counsel was contacted and authorized the correction of the caption to reflect Ms. Caro's proper name.

case against both Defendants set for a Scheduling Conference.

The City's Motion to Dismiss is premised on Fed. R. Civ. P. 8(a) and 12(b)(6), based on the assertion that Plaintiff's allegations are insufficient to state a claim for municipal liability under 42 U.S.C. § 1983 and *Monell v. Dept. of Social Servs.,* 436 U.S. 658, 691 (1978). I disagree. While Pace's allegations are necessarily premised at this stage of the proceedings on a single incident of deliberate or malicious indifference to the truth or failures adequately to investigate, train, or follow up on routine DNA analysis performed by City employees, they are sufficiently fact-based to state a plausible claim for municipal liability against the City. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (Citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). If, after discovery is completed, Plaintiff has no evidence other than this single incident to support his claims for municipal liability, those claims will likely fail and the City will be entitled to summary judgment.

ORDERED that Defendant Colorado Springs's Motion to Dismiss (Doc. 7) is DENIED. Counsel for the parties shall CONFER and phone in jointly to Chambers at 303 844-6118 to set a Scheduling Conference.

Dated this 4th day of May, 2015.

                                                  *s/John L. Kane*
                                                  SENIOR U.S. DISTRICT JUDGE